IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PATRICIA DOBRINSKA                                                                           PLAINTIFF

v.                                    Case No. 3:11-CV-03015

UNITED STATES OF AMERICA, DEPARTMENT
OF THE INTERIOR, NATIONAL PARKS SERVICE
CONCESSIONAIRE DEPARTMENT; and
MIKE MILLS, D/B/A BUFFALO OUTDOOR CENTER                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Defendant United States of America, Department of the Interior, National Parks Service Concessionaire Department's ("United States") Motion to Dismiss for Lack of Jurisdiction (Doc. 6) and Brief in Support (Doc. 7) and Plaintiff Patricia Dobrinska's ("Dobrinska") Response (Doc. 8) and Brief in Support (Doc. 9). For the reasons stated herein, Defendant United States' Motion to Dismiss (Doc. 6) is **DENIED**.

**I. Background and Procedural History**

Plaintiff Dobrinska, who is a resident of Green Lake, Wisconsin, filed her Complaint against the United States and Defendant Mike Mills d/b/a Buffalo Outdoor Center ("Buffalo Outdoor Center") on February 18, 2011 (Doc. 1), alleging that Dobrinska engaged Buffalo Outdoor Center, a contractor with the National Parks Service, to move her vehicle to higher ground while Dobrinska participated in a canoe trip down the Buffalo National River. The Complaint alleges that on or about April 6, 2008, employees of Buffalo Outdoor Center failed to move Dobrinska's vehicle as per their agreement, and the vehicle was consequently destroyed by river flooding and rain. The claim for damage to the vehicle is $20,558.50.

Dobrinska made demand for payment upon Buffalo Outdoor Center's insurance provider on

or about September 17, 2008 (Doc. 1-1), but she was told that there was no coverage. At that point, Dobrinska turned to the United States for reimbursement, as Buffalo Outdoor Center had contracted with the United States to serve as concessionaire for the Parks Service. Dobrinska's insurance provider, Rural Mutual Insurance Company, wrote a letter to the Superintendent of the Buffalo National River on December 1, 2008 (Doc. 6-1, p. 3), noting Dobrinska's claim for damages as the insured, the date of loss, the amount of damages claimed, and a description of the incident giving rise to the loss. The letter concluded by stating: "Buffalo Outdoor Center appears to be in violation of National Park Service insurance requirements for their vendors to carry adequate liability insurance to cover all of their operations on national park lands. I am preparing this file for submission to our legal counsel and I request that you provide me with a copy of the Certificate of Insurance that you obtained from Buffalo Outdoor Center for the 2008 season." *Id.*

About a month later, on January 9, 2009, Mr. Kevin G. Cheri, Superintendent of the Buffalo River National Park Service, responded via letter to Dobrinska's insurance representative (Doc. 1-2): "The park has consulted with our Regional Office regarding your letter dated December 1, 2008, reference Claim Number PPA 2675190-2, Pat Dobrinska." Mr. Cheri maintained in his letter that both Buffalo Outdoor Center and its insurer had provided the National Park Service with confirmation that the "insurance required by our contract is in place." *Id.* Further, Mr. Cheri revealed that the National Park Service was an "Additional Insured" on Buffalo Outdoor Center's policy, and as such, expected Buffalo Outdoor Center and its insurance company to represent the United States' interests. Mr. Cheri closed the letter by neither accepting nor denying Dobrinska's claim, but by advising her to seek redress for her injury through Buffalo Outdoor Center and its insurer.

Finding no relief for her alleged injury, and after multiple further inquiries into Buffalo Outdoor Center's insurance coverage or lack thereof, Dobrinska hired an attorney who sent another letter dated October 26, 2010, to the National Park Service, this time to the attention of Sandy Poole, National Park Service Concessions Program Manager. (Doc. 1-3). Again, Superintendent Cheri of the Buffalo National River replied on behalf of the United States on November 12, 2010. (Doc. 1-4). Mr. Cheri in his letter once again refused to accept or deny the claim and advised Dobrinska to look not to the United States but to the owner of Buffalo Outdoor Center for redress. Mr. Cheri went so far as to say that "[w]e have reviewed Buffalo Outdoor Center's (BOC) concessions contract requirements and find that it meets National Park Service insurance requirements." Dobrinska's attorney, meanwhile, possessed a letter dated August 27, 2010, from Buffalo Outdoor Center's insurer unequivocally denying Dobrinska's claim and stating that no insurance coverage existed. (Doc. 1-5). It was shortly after receiving these last communications from Buffalo Outdoor Center's insurer and from Superintendent Cheri that Dobrinska considered her administrative claim against the United States denied and filed the instant action.

The United States now moves to dismiss Dobrinska's Complaint, made pursuant to the Federal Tort Claims Act ("FTCA"), for lack of subject matter jurisdiction. First, the United States asserts that Dobrinska failed to present timely notice of her claim through the required administrative process prior to filing her Complaint in federal court. Dobrinska considers the December 1, 2008 letter from her insurance company to the Superintendent of the Buffalo National River to be a properly presented FTCA claim for administrative purposes, but the United States disagrees. Second, the United States asks to be dismissed from this lawsuit because any alleged negligence on the part of Buffalo Outdoor Center cannot be imputed to the United States pursuant to the FTCA,

as the FTCA applies to acts or omissions made by government employees, not independent contractors. The Court will consider both of these arguments below.

**II. Legal Standard**

Ordinarily, the United States is immune from suit except in the manner and degree sovereign immunity is waived. The FTCA provides a partial waiver of the sovereign immunity of the United States in tort suits. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). "Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant." *Id.* In particular, 28 U.S.C. § 2401(b) provides in part that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." The Eighth Circuit has held that "[w]hile § 2675(a) bars suit unless a claim is first 'presented' to the appropriate federal agency, the FTCA does not expressly articulate in § 2671, its definitions section, what information must be included in a properly 'presented' claim." *Mader v. United States*, 654 F.3d 794, 798 (8th Cir. 2011). Accordingly, this circuit has subscribed to a "minimal notice requirement" in holding that an FTCA claim is properly "presented" when an agency receives (1) written notification of the alleged claim sufficient to enable it to thoroughly investigate its potential liability and (2) written notification of the alleged value of the claim. *Farmers State Savings Bank v. Farmers Home Admin.*, 866 F.2d 276, 277 (8th Cir. 1989); *see also Melo v. United States*, 505 F.2d 1026, 1029 (8th Cir. 1974).

Essentially, given that the presentment requirement is satisfied, the government consents to be sued in tort pursuant to the FTCA and waives sovereign immunity for acts "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). It is black letter law, however, that the

liability of the United States under the FTCA cannot be premised upon the negligent acts or omissions of independent contractors. *U.S. v. Orleans*, 425 U.S. 807, 814 (1976).

**III. Discussion**

   *A. Proper Presentment of FTCA Claim*

In the case at bar Plaintiff Dobrinska properly presented an FTCA claim within the two year statutory time limitation required and appropriately exhausted her administrative remedies prior to filing suit in federal court. Although the United States disputes that the December 1, 2008 letter from Dobrinska's insurance company (Doc. 6-1, p. 3) properly presents a claim pursuant to 28 U.S.C. § 2675(a), this letter easily meets the minimal notice requirement standard articulated by the Eighth Circuit for jurisdictional purposes under the FTCA. The letter provides written notification of the April 6, 2008 claim sufficient to enable the government to investigate its potential liability, and it also provides written notification of the alleged value of the claim. That is all that is required. *See Farmers State*, 866 F.2d at 277. In point of fact, when the Superintendent of the Buffalo River National Park Service received this letter, he admits to having "consulted with our Regional Office" and investigated that the "insurance required by our contract is in place." (Doc. 1-2). In light of the fact that the National Park Service did undertake an investigation of Dobrinska's claim as of January 9, 2009, it is disingenuous for the United States to argue that the claim letter "makes no claim for damages against the United States, and therefore, does not place the United States on notice of any such claim for the agency to investigate." (Doc. 7, p. 6).

Accordingly, the Court finds that Dobrinska's presentment of her claim to the appropriate administrative agency was substantively proper and timely, as it was made on December 1, 2008, within two years of the alleged loss on April 6, 2008. That the National Park Service responded to

her claim not by accepting or denying it, but by directing Dobrinska not once but twice to seek redress with Buffalo Outdoor Center – the National Park Service's allegedly under-insured government contractor.

### B. Independent Basis of United States' Liability

Dobrinska concedes that the actions taken by Buffalo Outdoor Center cannot be imputed to the United States, as Buffalo Outdoor Center is merely a contractor, not an employee, of the government. (Doc. 9, p. 7). However, Dobrinska asserts an independent basis for the United States' liability in its failure to affirmatively ascertain that an appropriate policy of liability insurance was in force for its contractor. Dobrinska claims that the United States' failure to verify that insurance coverage existed under its concessionaire contract with Buffalo Outdoor Center was a misfeasance of contract, which is actionable in tort. Dobrinska cites to *Westark Specialties, Inc. v. Stouffer Family Ltd. Partnership*, 310 Ark. 225, 233 (Ark. 1992), and *Terminex International Co. v. Stabbs*, 326 Ark. 239 (Ark. 1996), for the proposition that an actionable tort arises when a party to a contract negligently fails to carry out a proper inspection of the contract's terms and conditions, resulting in a foreseeable, unreasonable risk of harm to another party. *Westark*, 310 Ark. at 233. To bolster her position, Dobrinska refers the Court to the Superintendent of the Buffalo National River's letter of January 9, 2009, in which he reveals that the government investigated the sufficiency of Buffalo Outdoor Center's insurance coverage, found the policy to be appropriate, and expected Buffalo Outdoor Center to protect the government's interests as an additional insured on its contractor's policy. (Doc. 1-2).

After consideration of Dobrinska's argument on this issue, the Court finds that she has alleged what appears to be an independent, actionable tort in Arkansas against the United States.

According to the Arkansas Supreme Court in *Westark*:

> "Generally, a breach of contract is not treated as a tort if it consists merely of a failure to act (nonfeasance) as distinguishable from an affirmatively wrongful act (misfeasance). [citations omitted] The courts, however, have tended to extend the tort liability for misfeasance whenever the misconduct involves a foreseeable, unreasonable risk of harm to the plaintiff's interests."

310 Ark. at 233 (citation omitted). The Complaint alleges that the United States "was independently negligent in failing to take reasonable steps to make certain that Defendant Mills [of Buffalo Outdoor Center] had procured insurance and for allowing defendant Mills to operate without insurance coverage for circumstances such as are present in this matter." Doc. 1, ¶ 10.

Accordingly, the Court finds that it has proper jurisdiction over Defendant United States under the FTCA because of Dobrinska's assertion of a separate, independent basis for tort liability against the sovereign.

**IV. Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant United States of America, Department of the Interior, National Parks Service Concessionaire Department's Motion to Dismiss (Doc. 6) is **DENIED**.

IT IS SO ORDERED this 13th day of January, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE